17844

Paul D. WOOTEN, Respondent, v. STANDARD LIFE AND CASUALTY INSURANCE COMPANY, Appellant

(122 S. E. (2d) 637)

*Messrs. Willcox, Hardee, Houck & Palmer,* of Florence, and *Spencer & Spencer,* of Rock Hill, *for Appellant,* 

*W. O. Godwin, Esq.,* of Conway, *for Respondent,*

November 8, 1961.

Moss, Justice.

This action was commenced on September 11, 1959, by Paul D. Wooten, the respondent herein, against Standard Life and Casualty Insurance Company, the appellant herein, to collect Five Hundred & 10/100 Dollars alleged to be due on a life insurance policy issued by the appellant on February 15, 1951, to Sara M. Wooten, and payable upon her death to the respondent. The insured died on May 30, 1953.

The answer of the appellant admits the issuance of the policy, the death of the insured and its refusal to pay the death benefit, but denies the allegation in the complaint that the respondent has furnished to it proof of death and other documents required. By way of affirmative defense the appellant alleges that this action was commenced six years, three months and ten days subsequent to the death of the insured, and the right to recover under said policy is barred after six years from the accrual of the cause of action, under the terms of Section 10-143 of the 1952 Code of Laws of South Carolina. It was further alleged that under the terms of the policy, the failure to furnish proof of death within sixty days after date of loss, unless shown not to have been reasonably possible, creates a forfeiture of the right to any benefits thereunder.

The appellant filed a motion for judgment on the pleadings upon the ground that the complaint shows on its face that more than six years had elapsed subsequent to the accrual of the right of action and prior to commencement thereof. Alternatively, the appellant moved in the event the Court should not grant judgment on the pleadings to require the respondent to reply to the affirmative defense set up in the answer of the appellant. This motion was based on Section 10-661 of the 1952 Code. This motion was heard by the Honorable J. B. Pruitt, presiding Judge, and he directed the respondent to reply to the affirmative defense set up by the appellant and reserved any decision on the motion for judgment on the pleadings until this was done.

The respondent's reply asserted that he was under a physical and mental disability at the date of the death of the insured, which said disability has continued to the date of the reply and on account thereof he was incapable of handling his business affairs. It was also stated in the reply that the notice of the death of the insured was given to the appellant on August 21, 1953, which notice was sufficient to constitute a claim, and the appellant first gave notice of its rejection of the claim by letter dated June 3, 1959.

After the respondent had filed his reply, the appellant moved for an order requiring the reply to be made more definite and certain by stating the cause of the disability of the respondent. The motion was heard by the Honorable Steve Griffith, the then presiding Judge, and he directed the respondent to make his reply more definite and certain by alleging the cause of his disability. Pursuant to this order, the respondent filed an amended reply, wherein he stated that his disability was due solely as a result of his constant intoxication from drinking alcoholic beverages.

After the respondent had filed the amended reply, the appellant moved for judgment on the pleadings on the ground that voluntary intoxication would not be a sufficient disability under the laws of South Carolina to toll the statute of limitations. This motion was heard by the Honorable G. Badger Baker, and he held that voluntary intoxication, standing alone, would not toll the statute, but this does not entitle the appellant to judgment on the pleadings.

Judge Baker further held that: "Under the pleadings the status of the parties became fixed on June 3, 1959, not on the date of the death of the insured, May 30, 1953." He also held that the respondent's cause of action did not accrue on May 30, 1953, since there was no breach of the contract until the rejection of the claim on June 3, 1959. He further said in his order that the evidence may reveal a different situation such as the legal effect to be given the alleged notice of August 21, 1953, and what followed thereafter.

The appellant gave timely notice of intention to appeal to this Court and by its single exception asserts error on the part of the trial Judge "in holding and concluding that respondent's cause of action did not accrue on May 30, 1953, date of death of the insured, since there was no breach of duty or contract until appellant's rejection of the claim on June 3, 1959, whereas he should have held that the right of action to recover the death benefit on the policy accrued at the date of the death of the insured, *viz.,* May 30, 1953."

Judgment upon the pleadings is a drastic procedure but it will be granted in proper cases. *United States Casualty Co. v. Hiers et al.,* 233 S. C. 333, 104 S. E. (2d) 561. A motion for judgment on the pleadings is in the nature of a general demurrer. It is appropriate, where the pleading is fatally deficient in substance, that is where the complaint fails to state a good cause of action in favor of the plaintiff and against the defendant. Being in the nature of a demurrer, a motion for judgment on the pleadings raises an issue of law only. *Page v. North Carolina Mut. Life Ins. Co.,* 207 S. C. 277, 35 S. E. (2d) 716.

Where the plaintiff's pleadings are attacked, the motion should be sustained only where they are so defective that the court is authorized taking all the facts to be admitted, in concluding that no cause of action is stated entitling the plaintiff to relief.

In 41 Am. Jur., Pleading, section 336, at page 521, it is said:

"In determining the right of a party to a judgment on the pleadings, the real question to be determined is the sufficiency of the admitted facts to warrant the judgment rendered, and the materiality of those upon which issue is joined. A motion for judgment on the pleadings should be sustained when, under the admitted facts, the moving party would be entitled to judgment on the merits, without regard to what the findings might be on the facts on which issue is joined. The motion, however, is not favored by the courts; pleadings alleged to state no cause of action or defense will be liberally construed in favor of the pleader. The motion cannot be sustained except where, under the conceded facts, a judgment different from that pronounced could not be rendered, notwithstanding any evidence which might be produced. In other words, it cannot be sustained unless under the admitted facts, the moving party is entitled to judgment, without regard to what the findings might be on the facts upon which issue is joined. A motion for judgment on the

pleadings will not be sustained merely because the allegations are incomplete, indefinite, or state conclusions of law. If there is joined an issue of fact upon which, if supported by the evidence, a valid judgment may be based, a judgment on the pleadings is improper. The court cannot anticipate what the proof will show. * * *" Cf. *American Surety Co. v. Mills,* 194 S. C. 221, 9 S. E. (2d) 433.

Implicit in the order of the Circuit Judge, denying the motion of the appellant, was the conclusion that the record before him raised issues of fact. Certainly, if the facts were admitted, then only an issue of law would be raised. However, as we view the record, there are material fact issues tendered by the pleadings which would justify the trial Judge in denying the motion of the appellant for a judgment on the pleadings. It has been held that a judgment on the pleadings is allowable, not for lack of proof, but for lack of an issue; hence, it is proper where the pleadings entitled the party to judgment without proof, as where they disclose all the facts, or where the pleadings present no issue of fact or where the pleadings, under other circumstances, present an immaterial issue. 71 C. J. S. Pleading § 429, at page 872. It has, likewise, been stated that a cause or right of action accrues, so as to start the running of the statute of limitations, as soon as the right to institute and maintain a suit arises. 34 Am. Jur., Limitation of Actions, section 113. *Tuten v. Almeda Farms et al.,* 184 S. C. 195, 192 S. E. 153. We cannot determine from the record before us when the respondent had the right to institute and maintain his action upon the policy in question. The record before us does not contain (1) the policy in question; (2) the notice given by the respondent on August 21, 1953; and (3) the letter of the appellant to the respondent on June 3, 1959. The policy could contain a contractual limitation as to the time in which an action may be filed upon such policy. We cannot anticipate what factual conclusions would be reached when the above mentioned policy, notice and letter are before the Court. When the case has

been tried and the documentary evidence introduced, it may be appropriate for the trial Judge to declare as a matter of law that the contractual limitation of the policy or the statute of limitations is a good defense. Likewise, there may be factual issues to be submitted to the jury. Upon the record before us we cannot say that there was error on the part of the trial Judge in refusing the motion of the appellant for judgment on the pleadings.

However, we think that the order of the trial Judge should be modified by eliminating therefrom his conclusion that the status of the parties to the action became fixed on June 3, 1959 and that there was no breach of the contract until the appellant rejected the claim of the respondent on June 3, 1959. We make this modification so that all of the issues, both factual and legal, as raised by the pleadings can be determined upon a trial in the Court below.

It is the judgment of this Court that the judgment of the lower Court should be affirmed with the modification heretofore stated.

Modified and affirmed.

TAYLOR, C. J., and OXNER, LEGGE and LEWIS, JJ., concur.