17866

WALTER J. KLEIN COMPANY, Inc., Respondent, v: Jack M. KNEECE, d/b/a Crown Chicks, and Marjorie J. Kneece and C. W. Haynes & Company, Appellants.

(123 S. E. (2d) 870)

*Messrs Jack F. McGuinn* and *Kneece & Lewis,* of Columbia, *for Appellants,*

*Messrs. Clarke W. McCants, Jr.,* and *J. Wesley Drawdy,* of Columbia, *for Respondent,*

January 31, 1962.

TAYLOR, Chief Justice.

This is a suit in equity by Walter J. Klein Co., Inc., the respondent herein, against Jack M. Kneece, doing business as Crown Chicks, and Marjorie J. Kneece, the appellants herein, and C. W. Haynes & Company. The purpose of the action was to set aside a certain conveyance of real estate executed by Jack M. Kneece to his wife, Marjorie J. Kneece, the said conveyance being dated October 26, 1950, and promptly recorded in the office of the Clerk of Court for Richland County in Deed Book 63, at page 171, as having been made in violation of the Statute of Elizabeth, now in force in this State as Section 57-301 of the 1952 Code of Law of South Carolina. The complaint alleges that the aforesaid conveyance was made to conceal the title of Jack M. Kneece in and to said real estate, and was made without any consideration except the sum of $5.00 and love and affection, with the intent on the part of the appellants to hinder, delay and defraud the creditors of Jack M. Kneece, and particularly the respondent in this action of its just claim against him.

The complaint alleges that in an action in the United States District Court for the Eastern District of South Carolina, the respondent recovered a judgment, on August 9, 1951, against Jack M. Kneece in the sum of $8,040.12, with costs of $37.00, and that said judgment was duly transcripted to the office of the Clerk of Court for Richland County, and that an execution on said judgment against Jack M. Kneece was duly issued and delivered to the Sheriff of said county prior to the commencement of this action, and such was duly returned *nulla bona*. It is then alleged that the claim and cause of action upon which said judgment was rendered accrued prior to January 1, 1950, and at such time Jack M. Kneece was the owner in fee simple of the real estate hereinbefore mentioned. It is further alleged that the conveyance made by Jack M. Kneece to his said wife was fraudulent and void under the aforesaid statute.

C. W. Haynes & Company was joined as a party to the action for the reason that on September 4, 1950, Jack M. Kneece executed to it a mortgage covering the property in question, which said mortgage was of record in the office of the Clerk of Court for Richland County in Mortgage Book 76, at page 391.

The respondent, by the prayer of the complaint, demands judgment that the conveyance made by Jack M. Kneece to Marjorie J. Kneece be adjudged and declared fraudulent, void and a nullity; that the said property be sold subject to the existing mortgage of C. W. Haynes & Company, and the proceeds derived from such sale be applied to the liquidation of the judgment indebtedness of Jack M. Kneece to the respondent.

The appellants, by way of answer, admitted the allegations of the complaint, except a general denial was interposed to so much of the complaint as alleged that the conveyance and transfer of the real estate in question by Jack M. Kneece to Marjorie J. Kneece was done with the intent and purpose to hinder, delay and defraud the creditors of the said Jack M. Kneece.

The appellants, for a second defense, affirmatively plead the statute of limitations, Section 10-143(7) of the 1952 Code of Laws, it being asserted that by reason of the lapse of six years from the date of the deed under attack, October 26, 1950, and the judgment obtained on August 9, 1951, the said statute bars any right of action by the respondent for relief on the ground of fraud. The appellants, for a third defense, affirmatively allege that the respondent is precluded from maintaining this action because of laches. The answer of the appellants demanded that the respondent be required to reply to the second and third defenses. The respondent duly filed a reply and alleged that the statute of limitations had no application to this action, and by an accompanying affidavit asserted that it had no knowledge of the transfer and conveyance of the real estate by Jack M. Kneece to Marjorie J. Kneece until June, 1960. The respondent, likewise, specifically denied that it was guilty of laches.

The appellants moved for judgment on the pleadings, or in the alternative, for an order striking the complaint of the respondent and sustaining the second and third defenses on the ground that such defenses, under the pleadings, presented only an issue of law. This motion was heard and denied by the Honorable John Grimball, Presiding Judge of the Fifth Judicial Circuit. The trial Judge held that the question of the defenses presented by a plea of the statute of limitations and laches could only be determined by a trial on the merits of the factual issues presented by the pleadings. The appellants assert that the trial Judge committed error in so holding.

The appellants assert that the trial Judge committed error in failing to grant their motion for a judgment on the pleadings on the ground that the cause of action asserted by the respondent is barred by the statute of limitations. They also assert that the pleadings raise no issue of fact and that the motion should have been granted because only an issue of law is involved.

A motion for judgment on the pleadings is in the nature of a general demurrer. It is appropriate, where the pleading is fatally deficient in substance, that is, where the complaint fails to state a good cause of action in favor of the plaintiff and against the defendant. Being in the nature of a demurrer, a motion for judgment on the pleadings raises an issue of law only. Where the plaintiff's pleadings are attacked, the motion should be sustained only where they are so defective that the court is authorized, taking all the facts to be admitted, in concluding that no cause of action is stated entitling the plaintiff to relief. However, if there is joined an issue of fact upon which, if supported by the evidence, a valid judgment may be based, a judgment on the pleadings is improper; but it has been held that a judgment on the pleadings is allowable, not for lack of proof but for lack of an issue; hence, it is proper where the pleadings entitle the party to judgment without proof, as where they disclose all of the facts, or where the pleadings present no issue of fact or where the pleadings, under the circumstances, present an immaterial issue. *Wooten v. Standard Life & Casualty Insurance Company*, S. C., 122 S. E. (2d) 637.

It is provided in Section 57-301 of the 1952 Code, that every conveyance of lands which may be had or made, to or for any intent or purpose to delay, hinder or defraud creditors and others of their just and lawful actions, suits, debts, accounts, damages, penalties and forfeitures, shall be deemed and taken to be clearly and utterly void, frustrate, and of none effect. However, an action to set aside a conveyance of lands made contrary to Section 57-301 of the 1952 Code, must be instituted within six years and the cause of action in such case is not deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud. Section 10-143(7) of the 1952 Code. Under the cited section, the six year period begins to run at the time of the acquisition of knowledge of such facts that are sufficient to put the party on inquiry which, if developed, will disclose the alleged fraud. *Tucker v. Weathers-*

*bee,* 98 S. C. 402, 82 S. E. 638. A cause or right of action accrues, so as to start the running of the statute of limitations, as soon as the right to institute and maintain the action arises. *Tuten v. Almeda Farms et al.,* 184 S. C. 195, 192 S. E. 153, and *Wooten v. Standard Life & Casualty Insurance Company, supra.*

The complaint alleges that on October 26, 1950, prior to respondent's judgment, that Jack M. Kneece executed to Marjorie J. Kneece a deed to the real estate in question and that such deed "was promptly recorded" in the office of the Clerk of Court for Richland County. It is thus apparent from this allegation, even though the exact date of the recordation of said deed is not given, it was promptly recorded prior to the respondent's judgment which was obtained on August 9, 1951. The consideration stated in such deed was Five Dollars and love and affection.

It appears without question that the respondent recovered a judgment against Jack M. Kneece on August 9, 1951 and the said judgment "was duly transcripted" to the office of the clerk of Court for Richland County, and that an execution on said judgment against Jack M. Kneece "was duly issued and delivered" to the sheriff of said county and said execution was returned *nulla bona.*

The law requires in an action by a creditor solely to set aside his debtor's voluntary deed, for legal fraud, allegation and proof that the debt was reduced to judgment, execution issued to enforce collection of the judgment, and a *nulla bona* return on the execution by the sheriff. *Temple et al. v. Montgomery et al.,* 157 S. C. 85, 153 S. E. 640. The allegation of the complaint in this action conforms with this rule.

A proceeding to set aside a deed upon the ground of fraud, where the party seeking so to do is in a position to institute an action for that purpose, must be commenced within six years from the time when the facts constituting the fraud

are discovered by the aggrieved party. *Kibler v. McIlwain,* 16 S. C. 550.

The affidavit of Walter J. Klein, President of the respondent, avers that Jack M. Kneece was the holder in fee simple of certain real estate and that such was a factor in the extension of credit to the said Jack M. Kneece by the respondent. When the sheriff of Richland County made a *"nulla bona* return" on the execution issued for the collection of the respondent's judgment, this was notice that Jack M. Kneece had no property which could be subjected to the satisfaction of said judgment. *"Nulla bona"* has a well defined meaning in law signifying that the defendant in the execution has no goods which could be subjected to its satisfaction. A return of *"nulla bona"* signifies that the officer has made a diligent search, but was unable to find any property of the defendant whereon to levy for the collection of the judgment debt. Since it appears that the respondent knew, at the time of extension of credit to Jack M. Kneece, that he owned certain real estate and such was a factor in the extension of credit to him, it is apparent to us that the *nulla bona* return made by the sheriff put the respondent on notice that Jack M. Kneece had no property which could be subjected to the collection of the judgment by execution. This knowledge came to respondent immediately following the rendition and filing of its judgment. When the *nulla bona* return was made by the sheriff of Richland County, the respondent was placed in the possession of information, by which, with proper diligence it might have come to the knowledge of the facts. Applicable to this situation is what was said in *Tucker et al. v. Weathersbee et al.,* 98 S. C. 402, 82 S. E. 638, and we quote:

"But there were facts and circumstances existing and which were known to the creditors, or could have been known to them by the exercise of ordinary care and diligence, which if they had been followed up would have developed the facts in the case, and, that being the case, they are barred from bringing the action. *Brown v. Brown,* 44 S. C. 382, 22

S. E. 412; *Wood v. Carpenter,* 101 U. S. 135, 25 L. Ed. 807."

In the case of *McLure v. Ashby,* 28 S. C. Eq. (7 Rich.) 430, it was said:

"It will be as well to remark in this connexion, that the notice of the fraud, the want of which will prevent the statute from running, is not alone positive information that a fraud has been actually committed. The notice will be sufficient to prevent the suspension of the statute, if it be such, as would put a reasonably diligent man upon the inquiry. Nor must the aggrieved party wait until he has discovered evidence by which he may establish the fraud in a court of justice. If he has knowledge that a fraud has been committed, though that knowledge be confined to himself, he must proceed diligently; for the statute in such case will not be suspended."

The case of *National Bank of Newberry v. Kinard,* 28 S. C. 101, 5 S. E. 464, was an action by a judgment creditor, with a return of *nulla bona,* to set aside for fraud a voluntary deed made by Kinard to his wife and children. In the opinion of the Court it was said:

"But before a right of action accrues this legal fraud must be developed, and, if at that time the creditor can sue, the currency of the statute will commence. How is this fact to be developed? This court has held that, *inter vivos,* the only way to develop it, so as to have a cause of action in equity to vacate the voluntary deed, is by exhausting all legal remedies, and to have a *nulla bona* return by a judgment creditor on his execution issued on said judgment; that then, and not till then, does his right of action accrue, and then, and not till then, is the statute of limitations set in motion against him. See *Verner v. Downs,* 13 S. C. 451; and *Suber v. Chandler,* 18 S. E. [Id.,] 533. * * *"

In the case of *Suber v. Chandler,* 18 S. C. 526, a creditor held a sealed note, dated in 1863; in 1869, the debtor made a voluntary deed to his wife and daughters, of a tract of land.

In 1874 an action was commenced on the note and judgment obtained in 1869, and a return of *nulla bona* had the same year; on the next day action was instituted to vacate the deed. The Court held that the action was not barred by the statute of limitations because the statute was inert and inoperative until the right of action arises. It was held that a voluntary deed, as against an existing creditor of the grantor is fraudulent but no right of action exists in favor of such creditor to have the deed vacated, until he has exhausted his legal remedy by obtaining a return of *nulla bona* on his execution; until then, the statute of limitations does not begin to run in favor of the grantees as against the fraud.

In the case under consideration the respondent's right of action accrued so as to start the running of the statute of limitations as soon as the right to institute and maintain the action was complete. The respondent exhausted its legal remedies and had a *nulla bona* return on the execution issued to enforce its judgment. When the *nulla bona* return was made, the respondent's cause of action accrued and was perfect, and it could have, at that time, brought an action to set the conveyance aside.

When the *nulla bona* return was made by the sheriff, the respondent knew that Jack M. Kneece did not have property to satisfy the judgment. This fact was sufficient to put the respondent on inquiry. If it had made the proper investigation, the alleged fraud would have been disclosed.

The present action was commenced on August 26, 1960. This was more than six years after the respondent obtained its judgment. Likewise, it was more than six years from the time the respondent knew or had sufficient information to put it on inquiry as to the facts which it now asserts to be fraud.

We think that the trial Judge should have dismissed this action on the ground that it was barred by the statute of limitations, Section 10-143(7) of the 1952 Code of Laws.

In view of the above conclusion, it becomes unnecessary to consider the other question proposed by the appellants.

The order of the Circuit Court is reversed and the complaint of the respondent dismissed.

Reversed.

LEGGE, MOSS and LEWIS, JJ., concur.