0858

Samuel U. DIMINICH and H. A. Anderson, Inc., Appellants v. 2001 ENTERPRISES, INC., Respondent.

(355 S. E. (2d) 275)

Court of Appeals

*George M. Hearn, Jr.,* of *Stevens, Stevens, Thomas, Hearn & Hearn, P.A.,* and *Howell V. Bellamy, Jr.,* of *Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers, P.A.,* Myrtle Beach, *for appellants.*

*William E. Lawson,* of *McCutcheon, McCutcheon & Baxter,* Conway, *for respondent.*

Heard Oct. 20, 1986.

Decided Jan. 12, 1987.

GARDNER, Judge:

Samuel U. Diminich (Diminich) and H. A. Anderson, Inc., (Anderson) sued 2001 Enterprises, Inc., (2001) by a complaint which alleged a breach of express and implied covenants to quiet enjoyment of leased premises. 2001's answer, in effect, denied that under the instruments in question, there was either an express or implied warranty of quiet enjoyment; 2001 moved for judgment on the pleadings which was granted by the appealed order. We reverse and remand.

A motion for judgment on the pleadings will be sustained only where the pleadings are so defective that, taking all the facts alleged in the pleadings as admitted, no cause of action or defense is stated. *Rosenthal v. Unarco Industries, Inc.*, 278 S. C. 420, 297 S. E. (2d) 638 (1982). *Wooten v. Standard Life and Cas. Ins. Co.*, 239 S. C. 243, 122 S. E. (2d) 637 (1961). And we observe that motions for judgment on the pleadings under Rule 12(c), S.C.R.C.P., can be considered as motions for summary judgment.

In the case before us the sequence of the lease transactions presented by the record can be demonstrated diagrammatically thusly:

[See chart on next page]

In summary the complaint alleges (1) that on August 15, 1977, Hawaiian Village accepted the assignment of the lease of 24 acres of land fronting on Highway 17 in North Myrtle Beach, South Carolina, (2) that thereafter Hawaiian Village, Inc., subleased a portion of this property to Anderson on March 10, 1978, and that thereafter Anderson built a restaurant on the land subleased to him and operated it from 1978 until 1981, (3) that on October 2, 1981, Hawaiian Village assigned its lease-hold interest to respondent 2001, (4) that on June 1, 1982, Anderson assigned its interest in the sublease property to appellant Diminich, (5) that prior to the acceptance of the assignment from Anderson, Diminich, through his attorney, inquired of 2001 whether it would accept payments from him on the subleased property and

```
        ------------------------
       |      LANDOWNERS        |
       |  ORIGINAL LESSORS OF   |
       |     ENTIRE TRACT       |
        ------------------------
                   |
                   V     (Lease – Aug. 15, 1977)
        ------------------------
       | CHRISTENBURY AND BUFFKIN |
       |    ORIGINAL LESSEES      |
        ------------------------
       |
(Assignment |
of lease    |
Aug. 15, 1977) V
------------------------   (Sublease of part of leased property on
|    HAWAIIAN VILLAGE    |                    Mar. 10, 1978)
|  Buffkin, President    |
------------------------
       |
       |
       |
(Assignment |
of lease    |
Oct. 2, 1981) V                  ------------------------
------------------------        | *  H. A. ANDERSON, INC.|
| **   2001 ENTERPRISES |        ------------------------
------------------------
       |                               (Assignment
       |                               |of subleased
(Acknowledgment|                       |property on
of lease    |                          VJune 1, 1982)
forfeiture  |                    ------------------------
Sept 1, 1982) V                 | *  SAMUEL U. DIMINICH  |
------------------------        ------------------------
```

  * APPELLANTS
  ** RESPONDENT

that 2001 agreed to accept $10,000 per year payment from Diminich provided that Diminich pay an additional $150 during the first year of the assignment, (6) that thereafter Diminich paid 2001 $10,000 as rent for the subleased property during the 1982-83 summer season, plus an additional $150 which was tendered to 2001 by Diminich as interest on the $10,000 in accordance with 2001's requirement, (7) that 2001 accepted the rent from Diminich and in return covenanted and guaranteed that Diminich and Anderson could quietly enjoy the subleased property until 1997 when the main lease expired, (8) that on September 1, 1982, 2001

defaulted on the rent payment owed to the property owner, and (9) that as a result of 2001's default, Diminich was evicted from the subleased property by the order of a magistrate and that thereby Diminich and Anderson lost their right to occupy the leased property for a period of 15 years.

The issues presented are whether the complaint alleged sufficient facts to constitute a cause of action against 2001 for breach of either a written, implied or oral contract of quiet enjoyment.

The appealed order adopted the general rule that there is no privity of contract between a lessor and an assignee of the lease — only privity of estate and when the lease terminates, so does the privity of estate. The appealed order ruled then that upon forfeiture of the lease by 2001, the law afforded no cause of action for relief to Anderson and Diminich.

This ruling is erroneous for numerous reasons, the most pronounced of which is that this is not an action by Anderson and Diminich against the original lessors, but rather, an action of the sublessees against the assignee of the original lease; the complaint alleges an oral contract for quiet enjoyment between 2001 and the sublessees; on motion for judgment on the pleadings, the allegations of the complaint must be considered by the court as admitted; this being true, judgment on the pleadings as to whether there was an express contract was erroneous and we so hold.

We also hold that judgment on the pleadings as to whether there was an implied warranty was also erroneous. It is virtually universally (Except for the State of New Jersey) held that a lease implies a covenant of quiet enjoyment. III *Friedman on Leases* Section 29.201 (2d ed. 1983). We therefore . hold that there was an implied covenant in the sublease to Anderson from Hawaiian Village, Inc.

We further hold that by the acceptance of the $10,000 paid· by Diminich on the rent for the sublease, 2001 became liable on the implied covenant for quiet enjoyment incident to the sublease from Hawaiian Village to Anderson. The acceptance by 2001 of the $10,000 negated any consideration of whether there was a contractual rela-

tionship between Anderson and Diminich on the one hand and 2001 on the other resulting from the lease assignments;[1] a contractual relationship between the parties was alleged by the complaint irrespective of the implications of law incident to the lease assignments and we so hold. Of course, nothing contained in our opinion should be construed as our having made any findings of fact. The facts properly pleaded are taken as being true for the purposes of deciding a motion for judgment on the pleadings. *Wooten v. Standard Life and Cas. Inc. Co., supra.*

For the foregoing reasons, the appealed order is reversed; the case is remanded for trial.

Reversed and remanded.

SANDERS, C. J. and SHAW, J., concur.

---

[1] Lease law is emerging as an important area of the law. The reader's attention is called to the fact that Section 27-35-60, Code of Laws of South Carolina (1976) provides, *inter alia*, that upon the sublease of property, the sublessor is, in legal effect, the landlord and the sublessee the tenant. And also in South Carolina, an assignee of a lease is charged with knowledge of the terms of the lease and, also, a proper legal construction of the lease. *City of Greenville v. Washington American League Baseball Club*, 205 S. C. 495, 32 S. E. (2d) 777 (1945). Additionally the reader is referred to *Friedman on Leases, supra,* for a thorough three volume treatise on the law of leases.