24021

Myrtle WIGGINS, Appellant v. Terry Lee EDWARDS,
d/b/a Island Tree Service, Respondent.

(442 S.E. (2d) 169)

Supreme Court

*Eric J. Davidson,* of *Drose, Davidson & Bennett,* Charleston, *for appellant.*

*Jon L. Austen,* of *Wise & Cole, P.A.,* Charleston, *for respondent.*

Heard Jan. 18, 1994.

Decided Mar. 7, 1994.

CHANDLER, Acting Chief Justice:

Myrtle Wiggins (Wiggins) appeals an Order granting summary judgment to Respondent (Edwards) on a statute of limitations defense. We affirm.

## FACTS

On November 11, 1988, Wiggins was in a three-car accident involving automobiles driven by Edwards and another defendant. She sustained back injury for which she was hospitalized four days.

On November 15, 1992, 3 years and 4 days from the date of the accident, Wiggins served Edwards with a summons and complaint. Edwards moved for summary judgment, contending the claim was barred by S.C. Code Ann. § 15-3-535 (Supp. 1992), which provides a three (3) year statute of limitations in personal injury actions. The trial court agreed and granted summary judgment. Wiggins appeals.

## ISSUES

1. When did the statute of limitations begin to run?
2. Should the statute of limitations be tolled due to insanity?
3. Should the statute of limitations be tolled due to physical disability?
4. Is Respondent equitably estopped from asserting the statute of limitations defense?
5. Does enforcement of the statute of limitations violate public policy?
6. Does the issue of statute of limitations present a jury issue?

## DISCUSSION

### A. *Statute of Limitations*

Wiggins contends that the trial court erred in holding that the statute of limitations began to run on the date of the accident. Wiggins argues that the statute here began to run at the time she was actually able to investigate her case, discover a cause of action existed, and determine who or what caused her injury. We disagree.

S.C. Code Ann. § 15-3-535 (Supp. 1992) requires that an action for personal injury "must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action."

> The exercise of reasonable diligence means simply that an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist. The statute of limitations begins to run from this point and not when advice of counsel is sought or a full-blown theory of recovery developed.

*Snell v. Columbia Gun Exchange, Inc.*, 276 S.C. 301, 303, 278 S.E. (2d) 333, 334 (1981). This is an objective determination. *Wilson v. Shannon*, 299 S.C. 512, 386 S.E. (2d) 257 (Ct. App. 1989).

Moreover, the focus is upon the date of discovery of the injury, not the date of discovery of the wrongdoer:

> The important date under the discovery rule is the date that a plaintiff discovers the injury, not the date of the discovery of the identity of another alleged wrongdoer. If, on the he date of injury, a plaintiff knows or should know that she had some claim against someone else, the statute of limitations begins to run for all claims based on that injury.

*Tollison v. B & J Machinery Co., Inc.*, 812 F. Supp. 618, 620 (D.S.C. 1993).

Wiggins erroneously applies a subjective test to establish the time of discovery of her injury. This does not accord with

well-settled law. We hold that Wiggins should have been aware of a potential claim on the date of the accident; therefore, the statute of limitations began to run at that time.

### B. *Insanity*

Wiggins claims that the injuries sustained in the accident rendered her "insane" until November 21, 1988; therefore, the statute of limitations was tolled until this time. We disagree.

S.C. Code Ann. § 15-3-40 (Supp. 1992) (the tolling statute) provides in part that the statute of limitations is tolled if the plaintiff is: (1) within the age of eighteen years; (2) insane; or (3) imprisoned on a criminal or civil charge or in execution under the sentence of a criminal court for a less term than his natural life. . . .

The general rule as to the standard for insanity under tolling statutes is that:

> Insanity or mental incompetency that tolls the statute of limitations consists of a mental condition which precludes understanding the nature or effects of one's acts, an incapacity to manage one's affairs, an inability to understand or protect one's rights, because of an over-all inability to function in society, or the mental condition is such as to require care in a hospital.

54 C.J.S. *Limitations of Actions* § 117 at 159-169 (internal footnotes omitted).

Here, the confusion or disorientation suffered by Wiggins does not constitute "insanity." She did not lose consciousness nor did she sustain any type of head injury in the accident. *See* Annotation, *Proof of unadjudged incompetency which prevent running of statute of limitations,* 9 ALR (2d) 964.

### C. *Physical Disability*

Wiggins contends that her physical disability should toll the statute of limitations. We disagree.

Any amendment to the disabilities provided in the tolling statute is a matter for the legislature. This Court is without authority to alter the plain and unambiguous language of the statute. *Doe v. R.D.,* 308 S.C. 139, 417 S.E. (2d) 541 (1992).

### D. *Equitable Estoppel*

Wiggins contends that Edwards is equitably estopped from asserting the statute of limitation as a defense since he was the cause of the accident and was aware of the impending litigation. We disagree.

A defendant may be estopped from claiming the statute of limitations as a defense if "the delay that otherwise would give operation to the statute had been induced by the defendant's conduct." *Dillon Co. Sch. Dist. Two v. Lewis Sheet Metal,* 286 S.C. 207, 218, 332 S.E. (2d) 555, 561 (Ct. App. 1985), *cert. granted* 287 S.C. 234, 337 S.E. (2d) 697 (1985), *cert. dismissed* 288 S.C. 468, 343 S.E. (2d) 613 (1986). This may consist of an express representation that the claim will be settled without litigation or conduct that suggests a lawsuit is not necessary. *Id.; Rink v. Richland Memorial Hospital,* — S.C. —, 422 S.E. (2d) 747 (1992).

Nothing in this record supports equitable estoppel. No showing whatsoever was made by Wiggins that Edwards induced her failure to comply with the statute of limitations.

### E. *Public Policy*

Wiggins argues the enforcement of the statute of limitations to bar her action violates public policy. To the contrary, statute of limitations rest on public policy. *See Harrison v. Holsenbeck,* 208 Ga. 410, 67 S.E. (2d) 311 (1951).

### F. *Jury Question*

Wiggins contends that the evidence, when viewed in the light most favorable to her, creates a jury question as to whether the claim is time barred. We disagree.

Summary judgment is appropriate when there is no genuine issue as to any material fact. Rule 56, SCRCP. Here, there is no question that the accident occurred on November 11, 1989. It is on that date that Wiggins should have known that a cause of action accrued. Moreover, the record shows no conduct on the part of the defendant establishing estoppel. Therefore, summary judgment was proper. *Gadsden v. Southern Railway,* 262 S.C. 590, 206 S.E. (2d) 882 (1974).

Affirmed.

FINNEY, TOAL and MOORE, JJ., and WILLIAM T. HOWELL, Acting Associate Justice, concur.