THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Julia Mae Caldwell Anderson, Representative 
 of the Estate of Tonia LaQuita Anderson,       
Appellant,
 
 
 

v.

 
 
 
South Carolina Department of Mental Health, 
 Richland County Sheriffs Department, City of Columbia Police Department,       
Defendants,
Of Whom South Carolina Department of Mental 
 Health is        Respondent.
 
 
 

Appeal From Richland County
Jackson V. Gregory, Circuit Court Judge

Unpublished Opinion No. 2003-UP-095
Submitted November 20, 2002  Filed 
 February 4, 2003

AFFIRMED

 
 
 
Donald E. Jonas, of Columbia, for appellant.
S. Elizabeth Brosnan, Charles E. Carpenter, Jr., and William 
 C. McDow, all of Columbia, for respondent.
 
 
 

 PER CURIAM:  The Estate 
 of Tonia LaQuita Anderson (the Estate) appeals the trial courts dismissal 
 of its wrongful death suit against the South Carolina Department of Mental Health 
 (the Department).  The trial court found the two-year statute of limitations 
 expired before the Estate filed its suit.  The Estate appeals, asserting several 
 alleged errors.  We affirm.
ISSUES
The Estate argues the trial court erred by: 1) 
 considering the Departments motion to dismiss because it was not properly presented 
 to the trial court; 2) converting the Departments motions to dismiss and for 
 judgment on the pleadings into one motion for summary judgment; 3) granting 
 the Departments motion for judgment on the pleadings based on the statute of 
 limitations; and 4) considering the affidavits submitted by the Department without 
 first forcing the Department to comply with the Estates discovery requests.
FACTS
In its complaint, the Estate alleged the following 
 facts.  On several occasions prior to Andersons death, Martin punched, kicked, 
 choked, and cut Anderson, purchased a pistol in violation of his status as a 
 convicted felon, threatened and battered his own family, and threatened Andersons 
 family.  Twenty days before Anderson was murdered, Martin was arrested for stalking, 
 assault and battery, and malicious injury to personal property, all with respect 
 to Anderson.
Only seven days before Andersons murder, Martin 
 kidnapped Anderson.  Following Andersons release, Martin was admitted to a 
 psychiatric hospital run by the Department, where he was treated for a period 
 of five days.  This was at least the fourth time the Department treated Martin 
 prior to Andersons murder.  During his treatment, Martin made specific threats 
 against Andersons life.  Following his short treatment, the Department released 
 Martin without warning to Anderson.  Four days later, on June 5, 1998, Martin 
 shot Anderson to death.
On June 6, 2000, the Estate filed a complaint for 
 wrongful death, claiming the Department was liable because its failure to warn 
 Anderson of Martins release was the proximate cause of Andersons death.  Pursuant 
 to Rules 12(b)(6) and 12(c), SCRCP, the Department filed motions to dismiss 
 and for judgment on the pleadings, arguing the two-year statute of limitations 
 had expired before the Estate filed its wrongful death claim.  The Department 
 filed and served affidavits in support of its motions approximately fifteen 
 days after it filed the motions and nearly seven months before the motions were 
 heard.
The trial court converted the 12(b)(6) and 12(c) 
 motions into a motion for summary judgment and dismissed the Estates case, 
 finding the two-year statute of limitations expired before the Estate filed 
 its suit.  The trial court also determined the Estates pending motion to compel 
 discovery was moot.  The Estate appeals.
DISCUSSION
I.          Motion to Dismiss
Initially, the Estate appears to argue the trial 
 court should not have heard, or perhaps did not actually hear, the Departments 
 motion to dismiss at the same hearing where the trial court heard the motion 
 for judgment on the pleadings.  Therefore, the Estate argues it was error for 
 the trial court to issue an order in which it seemingly ruled on a motion to 
 dismiss, which was never heard.  This argument is without merit.
On July 3, 2000, the Department filed its answer 
 to the Estates amended complaint, asserting it was filing a Motion to Dismiss 
 pursuant to SCRCP Rule 12 (b) . . . (6).  (R. 24)  Accompanying the Departments 
 answer was a separate motion to dismiss based on Rule 12(b)(6), SCRCP.  Both 
 of these documents were filed and served more than seven months before the motions 
 hearing.
Following the commencement of this lawsuit and 
 filing of the Departments motion to dismiss, the clerk of courts office transmitted 
 three notices to the parties regarding the motions hearing.  Each of these notices 
 indicated that All Outstanding Motions would be heard at the scheduled hearing.  
 In addition, the Estates memorandum, submitted during the motions, hearing 
 specifically addressed the Departments motion to dismiss, which it now claims 
 was not properly before the trial court.
The record reflects the Estate knew the Departments 
 motion to dismiss was pending before the trial court prior to the motions hearing 
 and thus would be addressed at the hearing.  Therefore, the Estate cannot now 
 claim the trial court did not actually hear or should not have heard the motion.
II.          Conversion of Motions
The Estate argues the trial court erred in converting 
 the motions to dismiss and judgment on the pleadings into one for summary judgment.  
 We disagree.
When supported by materials outside the pleadings, 
 and relied on by the trial court, both a motion to dismiss and for judgment 
 on the pleadings may be considered as a motion for summary judgment, pursuant 
 to Rules 12(b)(6) and 12(c), SCRCP.  See Pitts v. Jackson Nat. Life 
 Ins. Co., Op. No. 3571 (Ct. App. filed Nov. 25, 2002) (Shearouse Adv. Sh. 
 No. 39 at 65, 68-69) (holding motions to dismiss, supported by matters outside 
 the pleadings and relied on by the trial court, should be treated as motions 
 for summary judgment); Diminch v. 2001 Enterprises, Inc., 292 S.C. 141, 
 142, 355 S.E.2d 275, 275 (Ct. App. 1987) ([M]otions for judgment on the pleadings 
 under Rule 12(c), SCRCP, can be considered as motions for summary judgment.).  
 However, before the trial court may convert the motion to one for summary judgment, 
 all parties shall be given reasonable opportunity to present all material made 
 pertinent to such a motion.  Rule 12(b)(6), (c), SCRCP.
The Department filed and served affidavits in support 
 of its motions to dismiss and for judgment on the pleadings approximately fifteen 
 days after it filed the motions and nearly seven months before the trial court 
 heard the motions.  In the Departments motion to dismiss, it specifically stated 
 the motion will be based upon the pleadings, depositions, any furnished 
 affidavits . . . and such other evidence as may be acceptable to the Court.  
 During the motions hearing, the Department presented testimony contained within 
 its affidavits.  The trial court referred to the Departments affidavits when 
 issuing its order dismissing the Estates suit.  In addition, more than eight 
 months passed between the motions hearing and the issuance of the trial courts 
 order.
Therefore, the Estate had ample time to provide 
 any supporting materials in accordance with Rule 56, SCRCP, and cannot now claim 
 prejudice from the trial court having converted the Departments motions to 
 dismiss and for judgment on the pleadings to one for summary judgment.  See 
 Pitts (Shearouse Adv. Sh. No. 39 at 65, 69) (holding the parties had 
 ample opportunity to introduce additional evidentiary material where the trial 
 court issued its order six months after a memorandum containing supplementary 
 material was filed; thus, the trial court did not err in converting the motion 
 to dismiss into one for summary judgment).
III.          Statute of Limitations
The Estate argues the trial court erred in granting 
 the motion for summary judgment based on the two-year statute of limitations 
 because it was unaware it had a potential claim against the Department until 
 approximately eight months after Andersons murder.  We disagree.
In determining whether summary judgment is proper, 
 this [C]ourt must view all evidence in the light most favorable to the non-moving 
 party.  Silvester v. Spring Valley Country Club, 344 S.C. 280, 285, 
 543 S.E.2d 563, 566 (Ct. App. 2001).  Summary judgment is appropriate when 
 it is clear that there is no genuine issue of material fact, and that the moving 
 party is entitled to judgment as a matter of law.  City of Columbia v. ACLU 
 of South Carolina, 323 S.C. 384, 386, 475 S.E.2d 747, 748 (1996).
South Carolina Code Annotated section 15-78-100(a) 
 (Supp. 2001) states any action brought pursuant to the South Carolina Tort Claims 
 Act (the Act) is forever barred unless commenced within two years after the 
 loss was or should have been discovered.  See S.C. Code Ann. § 15-78-110 
 (Supp. 2001).  For purposes of the Act, loss includes death.  See S.C. 
 Code Ann. § 15-78-30(f) (Supp. 2001).  In determining when the loss was discovered, 
 the trial court must use an objective, not subjective standard.  See 
 Joubert v. South Carolina Dept of Soc. Servs., 341 S.C. 176, 191, 534 
 S.E.2d 1, 9 (Ct. App. 2000).
Although the Estate concedes the two-year statute 
 of limitations applies, it argues the statute should not have begun to run until 
 approximately eight months after Andersons murder because it was at that time 
 the Estate learned of its potential claim against the Department.  Under the 
 Estates theory, this Court would have to adopt a discovery rule in which the 
 statute of limitations does not begin to run until the plaintiff knows of the 
 negligence on the part of a particular defendant.
However, our supreme court has previously rejected 
 a similar argument, stating the significant date under the discovery rule is 
 the date of discovery of the injury, not the date of discovery of the 
 wrongdoer.  Wiggins v. Edwards, 314 S.C. 126, 128, 442 S.E.2d 169, 170 
 (1994) (emphasis added).  According to our supreme courts decision in Wiggins, 
 the statute of limitations runs from the time a party is on notice that some 
 right of his has been invaded or that some claim against another party might 
 exist . . . not when advice of counsel is sought or a full-blown theory of recovery 
 [is] developed.  Id. at 128, 442 S.E.2d at 170 (quoting Snell v. 
 Columbia Gun Exch., Inc., 276 S.C. 301, 303, 278 S.E.2d 333, 334 (1981)); 
 see also Bayle v. South Carolina Dept of Transp., 344 S.C. 115, 
 122, 542 S.E.2d 736, 739 (Ct. App. 2001) (holding the date of loss for purposes 
 of the Act was the date on which the plaintiff knew of the injury).
The record reflects the Estate knew of its loss, 
 Andersons murder, on June 5, 1998.  As mentioned above, the Estate concedes 
 the two-year statute of limitations applies.  Finally, the record establishes 
 the Estate filed its complaint on June 6, 2000, two years and one day after 
 Andersons murder.  Therefore, the statute of limitations expired before the 
 Estate filed its claim, and the trial courts order dismissing its claim was 
 without error.
IV.          Motion to Compel
The Estate further argues the trial court erred 
 in denying its motion to compel discovery and in considering the affidavits 
 submitted by the Department without first forcing the Department to comply with 
 the Estates discovery requests.  This argument is without merit.
The record clearly establishes the Estate filed 
 its complaint on June 6, 2000, two years and one day after Andersons murder.  
 Thus, even without reference to the Departments affidavits, a sufficient basis 
 existed upon which to properly determine the two-year statute of limitations 
 had expired.  Therefore, forcing the Department to submit to discovery would 
 not have aided the trial court in determining whether to grant summary judgment 
 based on the statute of limitations.  See, e.g., McClanahan v. Richland 
 County Council, 350 S.C. 433, 441, 567 S.E.2d 240, 244 (2002) (holding appellant 
 has no right to discovery where discovery would not aid the trial court in rendering 
 its decision whether to grant summary judgment); Bayle, 344 S.C. at 128-29, 
 542 S.E.2d at 742-42 (holding the trial court did not err by granting summary 
 judgment without allowing for additional discovery where no further discovery 
 would have contributed to the resolution of the case).
Furthermore, a trial courts rulings on discovery 
 matters will not be disturbed on appeal absent a clear abuse of discretion.  
 Dunn v. Dunn, 298 S.C. 499, 502, 381 S.E.2d 734, 735 (1989) (emphasis 
 added).  The burden is upon the party appealing from the order to demonstrate 
 the trial court abused its discretion.  Belk of Spartanburg, S.C., Inc. 
 v. Thompson, 337 S.C. 109, 127, 522 S.E.2d 357, 366 (Ct. App. 1999).  Moreover, 
 [m]ere allegations of error are not sufficient to demonstrate an abuse of discretion.  
 First Sav. Bank v. McLean, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994).  
 Given this Courts limited standard of review with respect to discovery matters, 
 and because the Estate merely alleges an abuse of discretion, the Estate has 
 failed to affirmatively prove the trial court abused its discretion.
CONCLUSION
For the foregoing reasons, the trial courts order 
 dismissing the Estates wrongful death action and finding the Estates motion 
 to compel was moot was without error, and therefore, is
AFFIRMED. [1] 
CONNOR, STILWELL, and HOWARD, JJ., concur.

 
 
 [1] Because oral argument would not aid the Court in resolving 
 any issue on appeal, we decide this case without oral argument pursuant to 
 Rule 215, SCACR.