THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Sterow, LLC, Appellant,
 
 
 
 
 

v.

 
 
 
 
 The Town of Hilton
 Head Island, Respondent.
 
 
 
 
 

Appeal From Beaufort County
Honorable Marvin H. Dukes, III, Master-in-Equity

Unpublished Opinion No. 2010-UP-201
 Submitted March 1, 2010  Filed March 12,
2010    

AFFIRMED

 
 
 
 Edwin W. Rowland, of Okatie, for Appellant.
 Gregory M. Alford and Scott M. Wild, of Hilton Head Island, for
 Respondent.
 
 
 

PER
 CURIAM:  Sterow, LLC,
 filed suit against the Town of Hilton Head Island (Town) sounding in gross
 negligence for the Town's arbitrary and capricious denial of a business license
 to Sterow's tenant.  Sterow appeals, arguing the master erred in granting the
 Town's motion for summary judgment because the Town's denial of the special
 exception constituted gross negligence as a matter of law and because Sterow
 made its claims within the applicable statute of limitations.  Sterow also
 argues the master erred by failing to address in its final order each and every
 one of the arguments supporting the Town's motion for summary judgment.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  
1. As to
 whether the master erred in
 granting the Town's motion for summary judgment on the ground Sterow failed to
 make its claims within the applicable statute of limitations:  S.C. Code Ann.
 §15-78-110 (2005) ("[A]ny action brought pursuant to [the Tort Claims Act]
 is forever barred unless an action is commenced within two years after the date
 the loss was or should have been discovered. . . ."); Wiggins v.
 Edwards, 314 S.C. 126, 128, 442 S.E.2d 169, 170 (1994) (requiring an
 injured party to "act with some promptness where the facts and
 circumstances of an injury would put a person of common knowledge and
 experience on notice that some right of his has been invaded or that some claim
 against another party might exist").  
 2. As
 to Sterow's remaining issues:  Futch v. McAllister Towing of Georgetown,
 Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate
 court need not review remaining issues
 when its determination of a prior issue is dispositive of the appeal).  
AFFIRMED.   
PIEPER
 and GEATHERS, JJ., and CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.