THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Dominic Vaughn, Appellant,
 v.
 City of Sumter, A Political Subdivision of the State of South Carolina, Sumter Merchants Association and Department of Transportation, Defendants,
 Of Whom City of Sumter is the, Respondent.
 
 
 

Appeal From Sumter County
 R. Ferrell Cothran, Circuit Court Judge

Unpublished Opinion No.  2011-UP-045  
 Submitted January 1, 2011  Filed February 2, 2011

AFFIRMED

 
 
 
 Dwight C. Moore, of Sumter, for Appellant.
 A. Johnston Cox, Daniel R. Settana and Andrew F. Lindemann, all of
 Columbia, for Respondent. 
 
 
 

PER
 CURIAM:  After suffering injuries in
 a car wreck, Dominic Vaughn sued the City of Sumter (the City), Sumter
 Merchants Association, and the Department of Transportation for negligence
 under the South Carolina Torts Claims Act.  On appeal, Vaughn argues the trial
 court erred in granting the City's summary judgment motion.   We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: 
1. As to whether Vaughn's amended complaint
 against the City was timely: S.C. Code
 Ann. § 15-78-110 (2005) ("[A]ny action brought pursuant to [the Act] is forever barred
 unless an action is commenced within two years after the date the loss was or
 should have been discovered . . . ." ); S.C. Code Ann. § 15-78-30(f)
 (2005) ("'Loss' means bodily injury, disease, death, or damage to tangible
 property . . . ."); Wiggins v. Edwards, 314 S.C. 126, 128, 442
 S.E.2d 169, 170 (1994) ("'The important date under the discovery
 rule is the date that a plaintiff discovers the injury, not the date of the
 discovery of the identity of another alleged wrongdoer.'") (citation
 omitted).  
2.  As to whether the
 amended complaint related back to the original pleadings pursuant to Rule
 15(c), SCRCP: Duncan
 v. CRS Sirrine Engineers, Inc., 337 S.C. 537, 543-44, 524 S.E.2d 115, 119 (Ct. App.
 1999) (finding an issue is unpreserved for our review when it is not raised to and
 ruled upon by the trial court or no motion to alter or amend judgment on that
 ground was filed).   
AFFIRMED. 
HUFF and LOCKEMY, JJ., and GOOLSBY, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.