**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Terence L. Rush, Appellant,

v.

Michael B. Stribble, Individually and in his Official capacity as Sergeant at the Newberry County Sheriff's Office, Respondent.

Appellate Case No. 2021-000817

———————

Appeal From Newberry County
Donald B. Hocker, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-195
Submitted May 8, 2024 – Filed May 29, 2024

———————

**AFFIRMED**

———————

Terence L. Rush, pro se.

David Allan DeMasters, of Riley Pope & Laney, LLC, of Columbia, for Respondent.

———————

**PER CURIAM:** Terence L. Rush appeals the dismissal of his 2020 action for fraud against Michael B. Stribble, Individually and in his official capacity as Sergeant at the Newberry County Sheriff's Office (Stribble). The circuit court granted a motion by Stribble to dismiss the action based on findings that the claim

was time-barred and Stribble was not a proper party to the lawsuit.  We affirm pursuant to Rule 220(b), SCACR.

The circuit court found Rush's claim was time-barred by the two-year statute of limitations provided in the South Carolina Tort Claims Act (SCTCA).  *See* S.C. Code Ann. § 15-78-110 (2005) (providing an action pursuant to the SCTCA is "forever barred" if it was not "commenced within two years after the date the loss was or should have been discovered" or, if a verified claim was filed, "commenced within three years of the date the loss was or should have been discovered").  On appeal, Rush disputes the premise that his action was governed by the SCTCA and contends his action was subject to the three-year statute of limitations provided in section 15-3-530 of the South Carolina Code (2005).  The circuit court did not rule on whether Rush's action was timely under section 15-3-530; nevertheless, we agree with Stribble that the order of dismissal should be affirmed because the action was time-barred under this section as well as under section 15-78-110.  *See I'On , L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 419, 526 S.E.2d 716, 723 (2000) ("Under the present rules, a respondent—the 'winner' in the lower court—may raise on appeal any additional reasons the appellate court should affirm the lower court's ruling, regardless of whether those reasons have been presented to or ruled on by the lower court."); *id.* at 420, 526 S.E.2d at 723 ("The appellate court may review respondent's additional reasons and, if convinced it is proper and fair to do so, rely on them or any other reason appearing in the record to affirm the lower court's judgment.").

In South Carolina, the statute of limitations for a cause of action for fraud is governed by the "discovery rule." *Burgess v. Am. Cancer Soc., S.C. Div., Inc.*, 300 S.C. 182, 185, 386 S.E.2d 798, 799 (Ct. App. 1989).  "In applying the discovery rule, inquiry is focused upon whether the complaining party acquired knowledge of any existing facts 'sufficient to put said party on inquiry which, if developed, will disclose the alleged fraud.'" *Id.* (quoting *Walter J. Klein Co., v. Kneece*, 239 S.C. 478, 483, 123 S.E.2d 870, 874 (1962)).  "A party cannot escape the application of this rule by claiming ignorance of existing facts and circumstances, because the law also provides that if such facts and circumstances *could have been known* to the party through the exercise of ordinary care and reasonable diligence, the same result follows." *Id.*

In the complaint, Rush asserted Stribble, while accompanied by several uniformed Newberry County deputy sheriffs, approached him in his backyard, misidentified him as Corey Pena, and advised them they had a warrant for Pena.  Rush alleged he submitted to a finger scan out of fear he would be taken into custody based on

Stribble's insistence that he was Corey Pena, the finger scan resulted in his arrest for failure to appear at a proceeding in Florida, and he suffered pecuniary losses as a result of the arrest. The alleged fraud on which Rush's action was based concerned Stribble's claim of a valid warrant for Pena's apprehension.

On appeal, Rush argues to this court his action was timely because, as a result of his incarceration[1] in Florida, he lacked access to the internet as well as research materials on South Carolina law; therefore, his cause of action did not accrue until the end of 2018, when he was able to ascertain that he bore no physical resemblance to Pena. In his complaint, however, Rush averred he "demanded" Stribble produce the warrant, to no avail. Moreover, as Rush himself acknowledged, on the date of his arrest in 2015, he was aware of the possibility that Stribble's claim about a warrant for Pena was a ruse; therefore, he had at that time acquired knowledge of existing facts sufficient to put him on inquiry that, if developed, could have disclosed Stribble's alleged fraud. *See Burgess*, 300 S.C. at 185, 386 S.E.2d at 800 ("[E]ither actual or constructive knowledge of facts or circumstances, indicative of fraud, trigger a duty on the part of the aggrieved party to exercise reasonable diligence in investigating and, ultimately, in pursuing a claim arising therefrom."). Because Rush's arrest occurred in 2015 and he filed his lawsuit in 2020, his action was untimely pursuant to section 15-3-530.[2]

Rush also appeals the circuit court's determination that Stribble was not a proper party pursuant to SCTCA, arguing Stribble's alleged misconduct was outside the scope of his official duties. We decline to address this issue because our determination that Rush's action was untimely under section 15-3-530 is sufficient to support the circuit court's dismissal of the lawsuit regardless of whether Stribble was properly named as defendant. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating that when a prior issue is dispositive of an appeal, the appellate court does not need to address any remaining issues); *Dwyer v. Tom Jenkins Realty*, 289 S.C. 118, 120, 344 S.E.2d

---

[1] According to Rush's appellant's brief, he was sentenced in 2017 and has remained in the custody of the Florida Department of Corrections since that time.

[2] Rush also argues he is entitled to equitable tolling of the statute of limitations because of his incarcerated status and limited access to research materials, but did not make this argument during the circuit court proceedings. We therefore hold this issue is not preserved for appellate review. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

886, 888 (Ct. App. 1986) ("Where a decision is based on two grounds, either of which, independent of the other, is sufficient to support, it will not be reversed on appeal because one of those grounds is erroneous." (quoting 5 Am. Jur.2d *Appeal & Error* § 727 (1962))).[3]

**AFFIRMED.**[4]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[3] Rush also argues (1) Stribble failed to apply for a search warrant before entering his yard, (2) Stribble lacked probable cause to search for a person of Rush's description, (3) Rush could not have been mistaken for Corey Pena based on Pena's description, and (4) the circuit court, in denying his request to proceed in forma pauperis, discriminated against him. None of these issues were raised during the circuit court proceedings; therefore, they are not preserved for appellate review. *See Staubes v.City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("It is well-settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review.").

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.