**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Thaddeus F. Segars, Appellant,

v.

Fidelity National Title Insurance Company, Respondent.

Appellate Case No. 2012-212732

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

Unpublished Opinion No. 2014-UP-094
Heard December 11, 2013 – Filed March 5, 2014

**AFFIRMED**

Michael W. Mogil, of Mogil Law Firm, of Hilton Head Island, for Appellant.

Amy Purwin Hunt, of Horack, Talley, Pharr & Lowndes, P.A., of Charlotte, North Carolina, for Respondent.

**PER CURIAM:** Thaddeus Segars appeals the circuit court's dismissal of his action against Fidelity National Title Insurance Company seeking coverage under two title insurance policies. He contends the statute of limitations did not begin to run until he discovered his losses or his claims were denied, or in the alternative,

that the statute of limitations was equitably tolled by the filing of two lawsuits in 2008.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court correctly granted Fidelity National's motion to dismiss under Rule 12(b)(6), SCRCP: *Baird v. Charleston Cnty.*, 333 S.C. 519, 527, 511 S.E.2d 69, 73 (1999) ("Under Rule 12(b)(6), SCRCP, a defendant may make a motion to dismiss based on a failure to state facts sufficient to constitute a cause of action."); *Flateau v. Harrelson*, 355 S.C. 197, 201, 584 S.E.2d 413, 415 (Ct. App. 2003) ("A trial judge in the civil setting may dismiss a claim when the defendant demonstrates the plaintiff has failed to state facts sufficient to constitute a cause of action in the pleadings filed with the court.").

2.  As to whether Segars's claim fell outside the statute of limitations: S.C. Code Ann. § 15-3-530 (2005) (providing that "an action upon a contract, obligation, or liability, express or implied, excepting those provided for in Section 15-3-520" must be brought within three years of the time the cause of action accrues); *Epstein v. Brown*, 363 S.C. 372, 376, 610 S.E.2d 816, 818 (2005) ("Under the discovery rule, the statute of limitations begins to run from the date the injured party either knows or should know, by the exercise of reasonable diligence, that a cause of action exists for the wrongful conduct.").

3.  As to whether the doctrine of equitable tolling is applicable to toll the statute of limitations from the filing of Segars's 2008 cases: *Hooper v. Ebenezer Sr. Srvs. & Rehab. Ctr.*, 386 S.C. 108, 115, 687 S.E.2d 29, 32 (2009) (stating equitable tolling is judicially created, and it stems from the judiciary's inherent power to formulate rules of procedure where justice demands it); *id.* (providing that the party claiming the statute of limitations should be tolled bears the burden of establishing sufficient facts to justify its use); *id.* at 116-17, 687 S.E.2d at 33 ("The equitable power of a court is not bound by cast-iron rules but exists to do fairness and is flexible and adaptable to particular exigencies so that relief will be granted when, in view of all the circumstances, to deny it would permit one party to suffer a gross wrong at the hands of the other." (internal quotation marks omitted)); *id.* at 117, 687 S.E.2d at 33 ("Equitable tolling may be applied where it is justified under all the

circumstances.  We agree, however, that equitable tolling is a doctrine that should be used sparingly and only when the interests of justice compel its use.").[1]

**AFFIRMED.**

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**

---

[1] We decline to address Segars's remaining issues on appeal because our determinations of the foregoing issues are dispositive.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999).