**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Linda Campbell, M.D., Appellant,

v.

Allen S. Guignard and Ashlin Potterfield, Respondents.

Appellate Case No. 2013-002272

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2015-UP-293
Submitted May 1, 2015 – Filed June 17, 2015

**AFFIRMED**

William Gary White, III, of Columbia, and Robert W. Rushing, Jr., of Robert W. Rushing, Jr., Attorney at Law, of Myrtle Beach, for Appellant.

Charles E. Hill, of Turner Padget Graham & Laney, PA, of Columbia, and Virginia Watson Williams, of Williams & Williams, of Orangeburg, for Respondent Allen S. Guignard.

Charles E. Hill and Carmelo Barone Sammataro, both of Turner Padget Graham & Laney, PA, of Columbia, and

Virginia Watson Williams, of Williams & Williams, of Orangeburg, for Respondent Ashlin Potterfield.

---

**PER CURIAM:** Linda Campbell, M.D., appeals the trial court's grant of summary judgment in favor of her former attorney, Ashlin Potterfield. On appeal, Campbell argues the trial court erred in failing to find (1) Potterfield's actions tolled the statute of limitations and (2) Potterfield was estopped from asserting the statute of limitations as a defense.[1] We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 438-39 (2003) ("In reviewing the grant of a summary judgment motion, the [appellate court] applies the same standard as the trial court under Rule 56(c), SCRCP . . . ."); Rule 56(c), SCRCP (stating summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); S.C. Code Ann. § 15-3-535 (2005) (stating except for medical malpractice actions initiated under section 15-3-545 of the South Carolina Code (2005), "all actions initiated under [s]ection 15-3-530(5) must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action"); *Epstein v. Brown*, 363 S.C. 372, 376, 610 S.E.2d 816, 818 (2005) ("Under [South Carolina's] discovery rule, the statute of limitations begins to run from the date the injured party either knows or should know, by the exercise of reasonable diligence, that a cause of action exists for the wrongful conduct. The exercise of reasonable diligence means simply that an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist." (emphasis omitted) (citations omitted)); *Hooper v. Ebenezer Senior Servs. & Rehab. Ctr.*, 386 S.C. 108, 117, 687 S.E.2d 29, 33 (2009) ("[E]quitable tolling is a doctrine that should be used sparingly and only when the interests of justice compel its use."); *Kelly v. Logan, Jolley, & Smith, L.L.P.*, 383 S.C. 626, 639, 682 S.E.2d 1, 8 (Ct. App. 2009) ("[F]or equitable estoppel to apply, a plaintiff must be *aware* that a claim might exist prior to the expiration of the statute of limitations, but due to some conduct or representation by the defendant, the plaintiff is

---

[1] Because the two issues are closely related, we address them together.

induced . . . to delay in filing suit." (alteration in original) (internal quotation marks omitted)).

**AFFIRMED.**[2]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.