**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Jonathan Teal and Stacie Teal, Appellants,

v.

Mary Elizabeth Hickman-Tedder, Allstate Property & Casualty Insurance Company, Government Employees Insurance Company and Nationwide Mutual Insurance Company, Respondents.

Appellate Case No. 2014-000626

Appeal From Darlington County
Paul M. Burch, Circuit Court Judge

Unpublished Opinion No. 2015-UP-569
Submitted August 1, 2015 – Filed December 23, 2015

**AFFIRMED**

James Ashley Twombley, of Twenge & Twombley, LLC, of Beaufort, for Appellants.

Robert Thomas King, of King, Love & Smith, LLC, of Florence, for Respondent Government Employees Casualty Insurance Company.

Robert H. Hood and Mary Agnes Hood Craig, both of Hood Law Firm, LLC, of Charleston;  Deborah H. Sheffield, of counsel to the Hood Law Firm, of Charleston; and C. Heath Ruffner, of Harris, McLeod & Ruffner, of Cheraw, all for Respondent Mary Elizabeth Hickman-Tedder.

John Robert Murphy and Ashley B. Stratton, both of Murphy & Grantland, PA, of Columbia, for Respondent Nationwide Mutual Insurance Company.

John T. Lay, Jr., Janice Holmes, and Alfred Johnston Cox, all of Gallivan, White & Boyd, PA, of Columbia, for Respondent Allstate Property and Casualty Insurance Company.

———————

**PER CURIAM:**  Jonathan Teal and Stacie Teal appeal the trial court's order dismissing their complaint against Mary Elizabeth Hickman-Tedder, Allstate Property & Casualty Insurance Company, the Government Employees Insurance Company (GEICO), and Nationwide Mutual Insurance Company (collectively Defendants).  On appeal, the Teals assert the trial court erred in: (1) dismissing their complaint for fraud upon the court based upon the statute of limitations because there is no statute of limitation for fraud upon the court and because a statute of limitations argument was not properly before the court, dismissing their negligence cause of action for failure to timely serve because they were attempting to reopen their original negligence case, and failing to apply equitable tolling; (2) making factual findings that contradicted their complaint and failing to view the allegations in their complaint in a light most favorable to them; (3) incorrectly applying *Chewning v. Ford Motor Co.*, 354 S.C. 72, 579 S.E.2d 605, (2003); (4) ignoring an exception to the rule that attorney settlements are generally binding on a client; (5) applying normal agency principles to the allegations of fraud upon the court and attorney fraud; and (6) analyzing the equities between the parties and not considering the integrity of the judicial system.  We affirm.

"On appeal from a dismissal pursuant to Rule 12(b)(6), SCRCP, the appellate court applies the same standard of review as the trial court— whether the defendant demonstrates the plaintiff has failed to state facts sufficient to constitute a cause of action in the pleadings filed with the court." *Dawkins v. Union Hosp. Dist.*, 408

S.C. 171, 176, 758 S.E.2d 501, 503 (2014). "[An appellate c]ourt is required to view the allegations in the complaint in the light most favorable to the plaintiff and determine whether the facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief under any theory of the case." *Id.*

As to the first issue, we find the trial court did not use the statute of limitations as a basis for dismissing the fraud upon the court. *See Chewning*, 354 S.C. at 80, 579 S.E.2d at 609-610 ("There is no statute of limitations when a party seeks to set aside a judgment due to fraud upon the court.").[1]

Additionally, we conclude equitable tolling would not be proper in this case: *See Hooper v. Ebenezer Sr. Srvs. & Rehab. Ctr.*, 386 S.C. 108, 115, 687 S.E.2d 29, 32 (2009) ("Equitable tolling is judicially created; it stems from the judiciary's inherent power to formulate rules of procedure where justice demands it."); *id.* at 117, 687 S.E.2d at 33 ("Equitable tolling may be applied where it is justified under all the circumstances. We agree, however, that equitable tolling is a doctrine that should be used sparingly and only when the interests of justice compel its use."); *id.* at 116-17, 687 S.E.2d at 33 ("The equitable power of a court is not bound by cast-iron rules but exists to do fairness and is flexible and adaptable to particular exigencies so that relief will be granted when, in view of all the circumstances, to deny it would permit one party to suffer a gross wrong *at the hands of the other*." (emphasis added) (internal quotation marks omitted)).

As to the second issue, the Teals contend they alleged in their complaint that they did not have an adequate remedy at law. We find this assertion was a conclusion of law rather than a factual assertion. *See Stroud v. Riddle*, 260 S.C. 99, 103, 194 S.E.2d 235, 237 (1973) ("Conclusions of law describe a legal status, condition, or legal offense."); *Van Robinson Ins. Agency, Inc. v. Harleysville Mut. Ins. Co.*, 272

---

[1] To the extent the Teals are arguing the trial court improperly dismissed their negligence cause of action based on the statute of limitations, that argument has no merit. Although the Teals filed their complaint alleging a negligence cause of action within the statute of limitations, they failed to timely serve the complaint. *See* Rule 3(a), SCRCP (stating a civil action begins "when the summons and complaint are filed with the clerk of court if: (1) the summons and complaint are served within the statute of limitations in any manner prescribed by law; or (2) if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing").

S.C. 127, 128-29, 249 S.E.2d 744, 745 (1978) (stating that when a litigant "possesses an adequate remedy at law, equity will not intervene"). We further find the Teals had an adequate remedy at law against their attorney. *See Nutt Corp. v. Howell Road, LLC*, 396 S.C. 323, 328, 721 S.E.2d 447, 450 (Ct. App. 2001) (concluding a remedy at law was available because there was a contractual agreement between the parties).

Finally, because the prior issues are dispositive, we need not address the remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when disposition of a prior issue is dispositive).

**AFFIRMED.**[2]

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.