**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rivergate Homeowners' Association, Appellant,

v.

WW & LB Development Company, LLC, RWG, Inc., Aiello Associates, Daniels Engineering, Inc., Rivergate Homeowners' Association, Rivergate Homeowners' Association Board of Directors, Wayne Winderman, individually, Salvatrice Foran, individually, Gerald Foran, individually, Marcos Soares Construction, William C. DeSouza, individually, James Eason individually and d/b/a James Eason & Company, D&D Cleaning and Construction, Inc., Joel's Framing, Joe Freza, Aroldo Garcia, Joaquin Geraldo Zeferino, individually and d/b/a Zeferino Framing, Leo Trombley, Judy Schultz, J&D Interior Design, Jose Dasmerces d/b/a J.P. Construction, Scott Chandler d/b/a Coastal Custom Windows & Doors, R&D Construction, Nicasio Ramirez Zunigo, Walchir Morais, Marco Trebbi, Blankenship Roofing, Inc., DLJ Construction, LLC, Dewayne Bates, The Bates Group, LLC, Bridges Construction Co., Brewer Construction, Inc., Speedy Concrete, REB-FEL, Inc., Mark Mychajluk, Eric Jazwinski, Southern Framing Corporation, AB Consulting Engineers, Inc., WWI Development Company, LLC, Michael Dawson Construction, Inc., Asphalt Paving & Maintenance Co., Inc., Chuck's Construction Co., Inc., Right Way Group, Inc., Stevens Construction Co., Inc., Geometrics, Inc., Eric Yazwinski, Law Engineering, Inc., D & M Builders, Inc., Hill Construction Company, Bonnie Stone a/k/a Bonny Stone, DJL Construction Company, L.L.P., Adrian Mondragon, individually and d/b/a Mondragon

Construction, Inc., and Glen Causey, Defendants,

Of Whom Speedy Concrete, Inc. and Chuck's Construction, Inc. are the Respondents.

Chuck's Construction Co., Inc., Third-Party Plaintiff,

v.

Vereen Concrete Co., Inc. and Asphalt Pavement Maintenance of Myrtle Beach, Inc., Third-Party Defendants,

Rivergate Homeowners' Association, Appellant,

v.

WW & LB Development Company, LLC, Speedy Concrete, AB Consulting Engineers, Inc., and Chuck's Construction Co., Inc., Defendants,

Of Whom AB Consulting Engineers, Inc. is the Respondent.


Appellate Case No. 2015-000248

―――――――――

Appeal From Horry County
Clifton Newman, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2017-UP-296
Heard June 7, 2017 – Filed July 19, 2017

―――――――――

**AFFIRMED**

―――――――――

Vonda Denise Hamilton and Stacy L. Stanley, both of

Stanley Law Firm, LLC, of Little River, and Blake A. Hewitt, of Bluestein Nichols Thompson & Delgado, LLC, of Columbia, for Appellant.

G. Michael Smith, Sr., of Thompson & Henry, PA, of Conway, for Respondent Speedy Concrete, Inc.; Stephanie Holmes Burton, of Gibbes Burton, LLC, of Spartanburg, for Respondent AB Consulting Engineers, Inc.; Christina Agnes Bisset and James Christopher Clark, both of McAngus Goudelock & Courie, LLC, of Myrtle Beach, for Respondent Chuck's Construction, Inc.

—————————

**PER CURIAM:**  In this construction case, Rivergate Homeowners' Association (HOA) appeals the trial court's orders granting summary judgment to Speedy Concrete, Inc., Chuck's Construction, Inc., and AB Consulting Engineers, Inc. (collectively Respondents).  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to the HOA's argument the statute of limitations did not begin to run until on or about June 18, 2010: *Stokes-Craven Holding Corp. v. Robinson*, 416 S.C. 517, 526, 787 S.E.2d 485, 489 (2016) (stating under the discovery rule, the standard as to when the statute of limitations begins to run is objective rather than subjective); *id.* at 526, 787 S.E.2d at 489-90 ("Therefore, the statutory period of limitations begins to run when a person *could or should have known*, through the exercise of reasonable diligence, that a cause of action might exist in his or her favor, rather than when a person obtains actual knowledge of either the potential claim or of the facts giving rise thereto."); *Dorman v. Campbell*, 331 S.C. 179, 184, 500 S.E.2d 786, 789 (Ct. App. 1998) ("The exercise of reasonable diligence means that an injured party must act promptly where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist. The statute of limitations begins to run from this point, and not when advice of counsel is sought or a full-blown theory of recovery developed.").

2.  As to the HOA's argument the trial court erred in declining to apply the doctrine of equitable tolling: *Hooper v. Ebenezer Sr. Servs. & Rehab. Ctr.*, 386 S.C. 108, 116-17, 687 S.E.2d 29, 33 (2009) ("The equitable power of a court is not bound by cast-iron rules but exists to do fairness and is flexible and adaptable to particular exigencies so that relief will be granted when, in view of all the circumstances, to

deny it would permit one party to suffer a gross wrong *at the hands of the other*." (emphasis added)); *id.* at 117, 687 S.E.2d at 33 ("Equitable tolling may be applied where it is justified under all the circumstances."); *id.* at 115, 687 S.E.2d at 32 (noting the party claiming the statute of limitations should be tolled bears the burden of establishing sufficient facts to justify its use); *id.* at 117, 687 S.E.2d at 33 (cautioning "equitable tolling is a doctrine that should be used sparingly and only when the interests of justice compel its use"); *Magnolia N. Prop. Owners' Ass'n, Inc. v. Heritage Cmtys., Inc.*, 397 S.C. 348, 372, 725 S.E.2d 112, 125 (Ct. App. 2012) (affirming the trial court's ruling the application of the doctrine of equitable tolling was justified where the home-owner controlled property owners association sued the developers of condominiums who had controlled the property owners association); *id.* (finding unpersuasive the developers' claim that an organization they controlled would have initiated an action against itself during this period and noting after the property owners gained control over the property owners association, they exercised due diligence by filing the action approximately eight months after assuming control); *Fuller-Ahrens P'ship v. S.C. Dep't of Highways & Pub. Transp.*, 311 S.C. 177, 182, 427 S.E.2d 920, 923 (Ct. App. 1993) ("An appellant cannot argue new grounds for reversal by reply brief or oral argument." (quoting 15 S.C. Juris. *Appeal and Error* § 83, at 173 (1992))).

3. As to the HOA's argument Respondents should be estopped from asserting the statute of limitations: *Black v. Lexington Sch. Dist. No. 2*, 327 S.C. 55, 61, 488 S.E.2d 327, 330 (1997) ("[A] defendant may be estopped from claiming the statute of limitations as a defense if the delay that otherwise would give operation to the statute *had been induced by the defendant's conduct*." (quoting *Wiggins v. Edwards*, 314 S.C. 126, 130, 442 S.E.2d 169, 171 (1994)) (internal quotation marks omitted) (emphasis added)); *id.* ("Although the issue whether a defendant is estopped from claiming the statute of limitations is ordinarily a question of fact, summary judgment is appropriate where there is no evidence of conduct on the defendant's part warranting estoppel.").

4. As to the HOA's argument the trial court erred in granting summary judgment to Respondents because equity and public policy dictate that HOA's claims should not be barred by the statute of limitations: *Mead v. Beaufort Cty. Assessor*, 419 S.C. 125, 139, 796 S.E.2d 165, 172 (Ct. App. 2016) ("[S]hort, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review." (quoting *Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001))).

5. As to the HOA's argument the trial court erred in holding it lacked standing to litigate issues concerning the driveways, which are limited common elements: *Reyhani v. Stone Creek Cove Condo. II Horizontal Prop. Regime*, 329 S.C. 206, 212, 494 S.E.2d 465, 468 (Ct. App. 1997) ("The purpose of all rules of contract construction is to ascertain the intention of the parties and that intention must be gathered from the entire agreement and not from any one particular phrase thereof."); *id.* ("Documents will be interpreted so as to give effect to all of their provisions, if practical.").

6. As to the HOA's remaining issue: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when disposition of a prior issue is dispositive).

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**