**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Luther Harris, Donna Harris, and Bobby E. Leopard,
Appellants,

v.

Perry Wendell Barbour and Southland Transportation
Co., Respondents.

Appellate Case No. 2020-001110

———————————

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

———————————

Unpublished Opinion No. 2022-UP-397
Submitted October 1, 2022 – Filed November 2, 2022

———————————

**AFFIRMED**

———————————

Donald Loren Smith, of Attorney Office of Donald
Smith, of Anderson, for Appellants.

David L. Moore, Jr., of Turner Padget Graham & Laney,
PA, of Greenville, for Respondents.

———————————

**PER CURIAM:** Luther and Donna Harris and Bobby Leopard (collectively, the
Appellants) appeal a circuit court order granting Perry Barbour's and Southland
Transportation Company's motions to dismiss. On appeal, the Appellants argue the

circuit court erred by (1) failing to equitably toll the statute of limitations, (2) failing to find that Barbour waived his affirmative defenses, (3) failing to find they substantially complied with the rules for service of process, and (4) failing to extend the time to perfect service of process. We affirm.

1. We hold the circuit court did not err by failing to equitably toll the statute of limitations. *See Hooper v. Ebenezer Sr. Servs. & Rehab. Ctr.*, 386 S.C. 108, 115, 687 S.E.2d 29, 32 (2009) ("'Tolling' refers to suspending or stopping the running of a statute of limitations; it is analogous to a clock stopping, then restarting." (quoting 51 Am. Jur. 2d *Limitation of Actions* § 169 (2000))); *id.* ("Tolling may either temporarily suspend the running of the limitations period or delay the start of the limitations period." (quoting *Limitation of Actions* § 169)). The Appellants failed to to show they were prevented from timely serving the summons and complaint on the director of the South Carolina Department of Motor Vehicles and the secretary of state by an event beyond their control. *See Hooper*, 386 S.C. at 115, 687 S.E.2d at 32 ("The party claiming the statute of limitations should be tolled bears the burden of establishing sufficient facts to justify its use."); *id.* at 116, 687 S.E.2d at 32 ("It has been observed that '[e]quitable tolling typically applies in cases where a litigant was prevented from filing suit because of an extraordinary event beyond his or her control.'" (alteration in original) (quoting *Ocana v. Am. Furniture Co.*, 91 P.3d 58, 66 (N.M. 2004))); S.C. Code Ann. § 15-9-350 (2005) (naming the DMV director as a nonresident driver's "true and lawful attorney upon whom may be served all summons or other lawful process in any action" that results from a collision that occurred in South Carolina); *Hooper*, 386 S.C. at 117-18, 687 S.E.2d at 33-34 (holding the appropriate remedy for the defendant's failure to properly list its registered agent for service with the secretary of state was to equitably toll the statute of limitations).

2. We decline to decide whether the circuit court erred by failing to find that Barbour waived his affirmative defenses because our finding that the circuit court did not err by failing to equitably toll to statute of limitations is dispositive. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating appellate courts need not address remaining issues when disposition of prior issue is dispositive).

3. We find that the Appellants' remaining issues are not preserved for appellate review. *See Miller v. Dillon*, 432 S.C. 197, 207, 851 S.E.2d 462, 467 (Ct. App. 2020) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved

for appellate review." (quoting *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998))).

**AFFIRMED.**[1]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.