**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Sula Adams, Appellant,

v.

PennyMac Loan Services, LLC; The United States of America, acting by and through its agency, The Secretary of Housing and Urban Development; Lanier Law Firm, LLC; Abby Robertson; Investors Title Insurance Company; TransUnion; Experian Information Solutions, Inc.; and Equifax, LLC, Defendants.

Of whom PennyMac Loan Services, LLC; The United States of America, acting by and through its agency, The Secretary of Housing and Urban Development; Lanier Law Firm, LLC; Abby Robertson; and Investors Title Insurance are the Respondents.

Appellate Case No. 2021-000265

---

Appeal From Greenville County
Perry H. Gravely, Circuit Court Judge

---

Unpublished Opinion No. 2023-UP-184
Submitted March 1, 2023 – Filed May 17, 2023

---

**AFFIRMED**

---

Michanna Talley Tate, of Access Law, LLC, of
Greenville, for Appellant.

Demetri K. Koutrakos, of Callison Tighe & Robinson,
LLC, of Columbia, for Respondent Investors Title
Insurance Company.

Matthew Douglas Patterson, of Nelson Mullins Riley &
Scarborough, LLP, and Jason Alexander Richardson,
both of Columbia, for Respondent PennyMac Loan
Services, LLC.

Matthew Holmes Henrikson, of Henrikson Law Firm,
LLC, of Greenville, for Respondents Lanier Law Firm,
LLC and Abby Robertson.

Andrew Robert de Holl, of United States Attorney's
Office, of Mount Pleasant, for Respondent United States
of America.

---

**PER CURIAM:** Sula Adams appeals the circuit court's dismissal of her complaint pursuant to the statute of limitations. On appeal, Adams argues the circuit court erred by refusing to equitably toll the statute of limitations. We affirm.

We hold the circuit court did not err by refusing to equitably toll the statute of limitations because Adams failed to show she was prevented from timely filing suit by an event beyond her control. *See Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009) ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6), [SCRCP,] an appellate court applies the same standard of review as the [circuit] court."); *id.* ("That standard requires the [appellate c]ourt to construe the complaint in a light most favorable to the nonmovant and determine if the 'facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case.'" (quoting *Williams v. Condon*, 347 S.C. 227, 233, 553 S.E.2d 496, 499 (Ct. App. 2001))); *Hooper v. Ebenezer Senior Servs. & Rehab. Ctr.*, 386 S.C. 108, 115, 687 S.E.2d 29, 32 (2009) ("The party claiming the statute of limitations should be tolled bears the burden of establishing sufficient facts to justify its use."); *id.* at 116, 687 S.E.2d at 32 ("It has been observed that '[e]quitable tolling typically applies in cases where a litigant was

prevented from filing suit because of an extraordinary event beyond his or her control.'" (alteration in original) (quoting *Ocana v. Am. Furniture Co.*, 91 P.3d 58, 66 (2004))); *id.* at 117, 687 S.E.2d at 33 ("[E]quitable tolling is a doctrine that should be used sparingly and only when the interests of justice compel its use.").

**AFFIRMED.**[1]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.