**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Glenna Gray; and Michael W. Gray as Personal Representative of the Estate of Joseph S. Gray, Appellants,

v.

Larousse Lamur, Phoenix Grand, LLC, and Lamur Transportation Services, LLC, Respondents.

Appellate Case No. 2024-000020

Appeal From Lexington County
Walton J. McLeod, IV, Circuit Court Judge

Unpublished Opinion No. 2025-UP-069
Submitted February 20, 2025 – Filed February 26, 2025

**AFFIRMED**

Lane Douglas Jefferies, of Poulin, Willey, Anastopoulo, LLC, of Charleston, for Appellants.

Phillip Florence, Jr., and Everett Augustus Kendall, II, both of Murphy & Grantland, PA, of Columbia; and Richard Cameron Stephenson, of Columbia, all for Respondents.

**PER CURIAM:**  Michael W. Gray, as personal representative of the Estate of Joseph S. Gray, and Glenna Gray (collectively, Appellants) appeal the circuit court's dismissal of their action against Larousse Lamur, Phoenix Grand, LLC, and Lamur Transportation Services, LLC.  On appeal, Appellants argue the circuit court erred in dismissing their action because the statute of limitations should have been equitably tolled.  We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err in refusing to apply the doctrine of equitable tolling because Appellants failed to establish sufficient facts to justify the use of the doctrine; thus, the circuit court properly dismissed Appellants' action due to the expiration of the statute of limitations.  *See Hooper v. Ebenezer Sr. Servs. & Rehab. Ctr.*, 386 S.C. 108, 115, 687 S.E.2d 29, 32 (2009) (recognizing South Carolina law provides for statutory tolling mechanisms but also could apply the equitable tolling doctrine to toll the statute of limitations "[i]n order to serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits" (quoting 54 C.J.S. *Limitations of Actions* § 115 (2005))); *id.* ("Equitable tolling is a nonstatutory tolling theory which suspends a limitations period." (quoting *Ocana v. Am. Furniture Co.*, 91 P.3d 58, 66 (N.M. 2004))); *id.* ("Equitable tolling is judicially created; it stems from the judiciary's inherent power to formulate rules of procedure where justice demands it."); *id.* ("Where a statute sets a limitation period for action, courts have invoked the equitable tolling doctrine to suspend or extend the statutory period 'to ensure fundamental practicality and fairness.'" (quoting *Rodriguez v. Superior Ct.*, 98 Cal. Rptr. 3d 728, 736 (Cal. Ct. App. 2009))); *id.* ("The party claiming the statute of limitations should be tolled bears the burden of establishing sufficient facts to justify its use."); *id.* at 116, 687 S.E.2d at 32-33 (stating it "has been observed that '[e]quitable tolling typically applies in cases where a litigant was prevented from filing suit because of an extraordinary event beyond his or her control'" but noting other jurisdictions had considered tolling in other circumstances, including, but not limited to, when a plaintiff pursued his or her claims through a defective, albeit timely, pleading and when a plaintiff filed timely but raised a claim in the wrong forum (quoting *Ocana*, 91 P.3d at 66)); *id.* at 116, 687 S.E.2d at 33 ("The equitable power of a court is not bound by cast-iron rules but exists to do fairness and is flexible and adaptable to particular exigencies so that relief will be granted when, in view of all the circumstances, to deny it would permit one party to suffer a gross wrong at the hands of the other." (quoting *Hausman v. Hausman*, 199 S.W.3d 38, 42 (Tex. App. 2006))); *id.* ("Equitable tolling may be applied where it is justified under all the circumstances. . . .  [H]owever, . . . equitable tolling is a doctrine that should be used sparingly and only when the interests of justice compel its use."); *see also id.* at 118-19, 687 S.E.2d at 34 (concluding that under the unique

circumstances of that case, the statute of limitations should have been equitably tolled "for the time Hooper spent in pursuit of Ebenezer's nonexistent agent" because Ebenezer hindered Hooper's pursuit of service by failing to properly list its registered agent for service with the South Carolina Secretary of State as required by state law); *id.* at 119, 687 S.E.2d at 34 (noting "public policy and the interests of justice weigh[ed] heavily in favor of allowing Hooper's claim to proceed" and explaining the "statute of limitations' purpose of protecting defendants from stale claims must give way to the public's interest in being able to rely on public records required by law").

Finally, we hold Appellants' argument that the circuit court applied an incorrect standard when declining to equitably toll the statute of limitations is not preserved for review because Appellants failed to raise this issue to the circuit court. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review.").

**AFFIRMED.**[1]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.