**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Glenna Gray; and Michael W. Gray as Personal Representative of the Estate of Joseph S. Gray, Appellants,

v.

Larousse Lamur, Phoenix Grand, LLC, and Lamur Transportation Services, LLC, Respondents.

Appellate Case No. 2024-000020

———————

Appeal From Lexington County
Walton J. McLeod, IV, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-069
Submitted February 20, 2025 – Filed February 26, 2025
Withdrawn, Substituted, and Refiled July 30, 2025

———————

**REVERSED AND REMANDED**

———————

Lane Douglas Jefferies, of Poulin, Willey, Anastopoulo, LLC, of Charleston, for Appellants.

Phillip Florence, Jr., and Everett Augustus Kendall, II, both of Murphy & Grantland, PA, of Columbia; and Richard Cameron Stephenson, of Columbia, all for Respondents.

———————

**PER CURIAM:** Michael W. Gray, as personal representative of the Estate of Joseph S. Gray, and Glenna Gray (collectively, Appellants) appeal the circuit court's dismissal of their action against Larousse Lamur; Phoenix Grand, LLC; and Lamur Transportation Services, LLC. On appeal, Appellants argue the circuit court erred in dismissing their action because the statute of limitations should have been equitably tolled. We reverse and remand pursuant to Rule 220(b), SCACR.

Under the specific facts of this case, we hold the circuit court erred in refusing to apply the doctrine of equitable tolling. *See Hooper v. Ebenezer Sr. Servs. & Rehab. Ctr.*, 386 S.C. 108, 115, 687 S.E.2d 29, 32 (2009) (recognizing South Carolina law provides for statutory tolling mechanisms but also could apply the equitable tolling doctrine to toll the statute of limitations "[i]n order to serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits" (alteration in original) (quoting 54 C.J.S. *Limitations of Actions* § 115 (2005))); *id.* ("Equitable tolling is a nonstatutory tolling theory which suspends a limitations period." (quoting *Ocana v. Am. Furniture Co.*, 91 P.3d 58, 66 (N.M. 2004))); *id.* ("Equitable tolling is judicially created; it stems from the judiciary's inherent power to formulate rules of procedure where justice demands it."); *id.* ("Where a statute sets a limitation period for action, courts have invoked the equitable tolling doctrine to suspend or extend the statutory period 'to ensure fundamental practicality and fairness.'" (quoting *Rodriguez v. Superior Ct.*, 98 Cal. Rptr. 3d 728, 736 (Cal. Ct. App. 2009))); *id.* ("The party claiming the statute of limitations should be tolled bears the burden of establishing sufficient facts to justify its use.").

In 2019,[1] Glenna and Joseph were involved in a car accident with an eighteen-wheeler truck driven by Lamur in Lexington County. On March 30, 2021, Glenna timely filed an action in federal court, and on June 22, 2021, Glenna moved to amend her complaint in order to add Michael W. Gray, as personal representative of the Estate of Joseph S. Gray, as an additional plaintiff and to assert causes of action for wrongful death and survival.[2] On January 7, 2022, the

---

[1] The record contains inconsistent references to the date of the car accident, with some references to February 13, 2019, and other references to November 13, 2019. However, whether the car accident occurred in February or November does not change the result in this case.

[2] In August 2021, Michael W. Gray, as personal representative of the Estate of Joseph S. Gray, filed an action in the Court of Common Pleas against Respondents.

federal court granted the motion to amend. In 2022, the statute of limitations expired, and on February 16, 2023, the federal court dismissed the case for lack of subject matter jurisdiction. Appellants filed this state court action shortly after the federal court denied their motion for reconsideration.

Although Glenna never alleged a jurisdictional basis in her complaints to be in federal court, neither Respondents[3] nor the federal court raised a question regarding subject matter jurisdiction until the federal court sua sponte dismissed the federal court action in February 2023. Between the filing of the complaint in March 2021 and the dismissal by the federal court in February 2023, the parties litigated and the federal court exercised jurisdiction on at least one occasion when the federal court granted the motion to amend. Because Appellants timely filed a complaint in federal court, which shows they did not sleep on their rights, and Respondents participated in the litigation, we hold the circuit court erred in dismissing Appellants' action due to the expiration of the statute of limitations. *See Hooper*, 386 S.C. at 116, 687 S.E.2d at 32-33 (stating it "has been observed that '[e]quitable tolling typically applies in cases where a litigant was prevented from filing suit because of an extraordinary event beyond his or her control'" but noting other jurisdictions had considered tolling in other circumstances, including, but not limited to, when a plaintiff pursued his or her claims through a defective, albeit timely, pleading and when a plaintiff filed timely but raised a claim in the wrong forum (alteration in original) (quoting *Ocana*, 91 P.3d at 66)); *id.* at 116-17, 687 S.E.2d at 33 ("The equitable power of a court is not bound by cast-iron rules but exists to do fairness and is flexible and adaptable to particular exigencies so that relief will be granted when, in view of all the circumstances, to deny it would permit one party to suffer a gross wrong at the hands of the other." (quoting *Hausman v. Hausman*, 199 S.W.3d 38, 42 (Tex. App. 2006))); *id.* at 117, 687 S.E.2d at 33 ("Equitable tolling may be applied where it is justified under all the circumstances. . . . [H]owever, . . . equitable tolling is a doctrine that should be used sparingly and only when the interests of justice compel its use."); *see also id.* at 118-19, 687 S.E.2d at 34 (concluding that under the unique circumstances of that case, the statute of limitations should have been equitably tolled "for the time Hooper spent in pursuit of Ebenezer's nonexistent agent" because Ebenezer hindered Hooper's pursuit of service by failing to properly list its registered agent for service with the South Carolina Secretary of State as required by state law).

However, in February 2022, the action was voluntarily dismissed pursuant to Rule 41(a)(1)(B) of the South Carolina Rules of Civil Procedure.

[3] Respondents admitted the federal court had jurisdiction in their answers.

We find application of the doctrine under the specific facts of this case comports with the purposes behind statutes of limitations. *See id.* at 119, 687 S.E.2d at 34 (noting "public policy and the interests of justice weigh[ed] heavily in favor of allowing Hooper's claim to proceed" and explaining the "statute of limitations' purpose of protecting defendants from stale claims must give way to the public's interest in being able to rely on public records required by law"); *City of N. Myrtle Beach v. Lewis-Davis*, 360 S.C. 225, 232, 599 S.E.2d 462, 465 (Ct. App. 2004) (acknowledging purposes of statutes of limitations include relieving "the courts 'of the burden of trying stale claims when a plaintiff has slept on his rights'" and protecting "potential defendants from protracted fear of litigation" (quoting *Moates v. Bobb*, 322 S.C. 172, 176, 470 S.E.2d 402, 404 (Ct. App. 1996))); *Galligan v. Westfield Ctr. Serv., Inc.*, 412 A.2d 122, 124 (N.J. 1980) ("It has been recognized that a mistake in the selection of a court having questionable or defective jurisdiction should not defeat tolling of the statute when all other purposes of the statute of limitations have been satisfied."); *id.* at 125 (applying tolling because none of the purposes of the statute of limitations were served by dismissing the case); *Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 429-30, (1965) (same). Thus, we reverse the circuit court's order and remand the case to the circuit court for further proceedings.[4]

**REVERSED AND REMANDED.**[5]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[4] We decline to address whether the circuit court applied an incorrect standard when declining to equitably toll the statute of limitations. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address remaining issues when resolution of a different issue was dispositive).

[5] We decide this case without oral argument pursuant to Rule 215, SCACR.